IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN REMBERT,<br><br>Defendant. | Case No. 2:25-cr-00432-TC<br><br>ORDER STRIKING AND CONTINUING TRIAL, AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Judge Tena Campbell |

The Court, having considered the parties' Stipulated Motion to Continue and Exclude Time under the Speedy Trial Act, makes the following findings of fact:

1. On December 10, 2025, the grand jury returned a 9-couint Indictment against defendant Jonathan Rembert ("Rembert") charging violations of Conspiracy to Commit Wire Fraud, Conspiracy to Commit Mail Fraud, Possession of Fifteen (15) or More Unauthorized Access Devices, and Aggravated Identity Theft. (Dkt. 1). Rembert made his initial appearance via summons on January 7, 2026, pleading not guilty to all counts. (Dkt. 10).

2. At Rembert's initial appearance, the court scheduled an 8-day trial to begin March 16, 2026. (Dkt. 10). The court furthered granted the parties' stipulated protective order to facilitate discovery, which the United States represented to the court and defense counsel is voluminous. Rembert was not detained, and he remains on pretrial release with conditions. (Dkt. 15).

3. The United States filed its First Certificate of Compliance and Request for Reciprocal Discovery on January 13, 2026. (Dkt. 19). The discovery in this matter is significant and

voluminous, and it was produced on an external hard drive provided by defense counsel to the United States.

4. Counsel for the parties have met and conferred recently to discuss this matter, including the voluminous and complex nature of discovery, the time-demands in preparing for trial, counsels' significant trial schedules, and the time necessary for the defense to meaningfully review the significant discovery, engage in necessary consultations, and evaluate the possibility, if any, of resolving this matter via plea agreement. Both counsel for Rembert (Sam Meziani) and counsel for the United States (Luisa Gough) have an upcoming 6-week trial scheduled to begin on April 6, 2026. *See United States v. Bowser, et al.*, 2:23-00281-HCN. So too, co-counsel for Rembert (Wendy Lewis) is, as of the date of this stipulated motion, participating as counsel for the accused in a state murder trial.

5. This is the first motion by either party to continue the trial date.

6. Rembert is not in custody.

Based on the foregoing findings of fact, the Court makes the following conclusions of law:

The delay between March 10, 2026, and the new trial in September 2026 is necessary to afford Rembert and his counsel reasonably time for effective trial preparation, as summarized in paragraph 4 above, taking into account the exercise of due diligence. The failure to strike the current March 16 trial date and continue until September 2026 also will deny Rembert continuity of counsel. Finally, the ends of justice served by the proposed delay outweigh the best interest of the public and the defendant in a speedy trial.

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), the failure to strike the March 16 trial date and continue 180 days would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice.

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), while this case, taken as a whole, is not so unusual or so complex to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), it does involve significant discovery, both in scale and scope, and the failure to strike the March 16 trial date and continue 180 days would deny Rembert continuity of counsel and would unreasonably deny counsel for Rembert the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Based on the foregoing, and for good cause appearing,

**IT IS ORDERED that:**

1. The present trial date of March 16, 2026, is stricken.
2. Trial is now set for September 14, 2026, at 8:30 a.m.
3. The time period between March 10, 2026, and September 14, 2026 is excluded under 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) from the time within which trial of this case must commence under the Speedy Trial Act.

DATED this 13th day of March, 2026.

BY THE COURT:

Tena Campbell

Tena Campbell
United States District Judge